**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| RAMON MARTINEZ,       )<br>    Plaintiff,       )<br>       )<br>V.       )<br>       )<br>AUTO TRUCK TRANSPORT USA,       )<br>LLC; and TIMOTHY LORADITCH       )<br>    Defendants.       ) | CIVIL ACTION NO. SA-23-CV-1000-FB-HJB<br><br><br>JURY TRIAL REQUESTED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE PRESIDING:

COMES NOW, Plaintiff Ramon Martinez, and files his First Amended Complaint, and would respectfully show the following:

**PARTIES**

1.   Plaintiff Ramon Martinez is an adult citizen of the State of Texas.

2.   Defendant Auto Truck Transport USA, LLC is a foreign limited liability company organized and existing under the laws of the State of Wisconsin and having its principal place of business in Wisconsin.  According to Defendant's Notice of Removal, it is wholly owned by JHT Holdings, Inc., a corporation organized under the laws of the state of Delaware and whose principal place of business is in the state of Wisconsin.  Defendant regularly conducts business activities in the Western District of Texas such that Defendant is subject to personal jurisdiction in this District.  Defendant has already made an appearance and is properly before the Court for all purposes.

3.   Defendant Timothy Loraditch is an adult citizen of the State of Arizona, based upon information provided by Defendants.  Defendant Loraditch has already made an appearance and is properly before the Court for all purposes.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), in that there exists a complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court under 28 U.S.C. §1331(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the San Antonio Division of the Western District of Texas.

**FACTS**

6. On April 21, 2022, Plaintiff and Defendants were involved in a motor vehicle collision in the 14000 block of Somerset Road, San Antonio, Bexar County, Texas.

7. At the time of the collision, Defendant Loraditch was acting in the course and scope of his employment with Defendant Auto Truck Transport USA LLC. Defendant Loraditch was engaged in the furtherance of Defendant Auto Truck Transport USA LLC's business at the time of the occurrence. Defendant Loraditch was engaged in accomplishing a task for which he was employed by Defendant Auto Truck Transport USA LLC at the time of the occurrence.

8. At the time of the collision, Defendant Loraditch was operating a truck owned or leased by Defendant Auto Truck Transport USA LLC as a permissive user while he towed or "saddle-mounted" other trucks for delivery in the 14000 block of Somerset Road, San Antonio, Bexar County, Texas.

9. Plaintiff was a uniformed Bexar County Sheriff's Officer who was working a funeral detail and traveling in the opposite direction of Defendant Loraditch on Somerset Road.

10. Defendant Loraditch lost control of his truck, crossed the center line and caused a

collision involving Plaintiff.

## NEGLIGENCE CAUSE OF ACTION: DEFENDANT LORADITCH

11. The occurrence causing the injury to Plaintiff was a result of the negligence of Defendant Loraditch, who was negligent for his: (1) failure to control his speed, (2) faulty evasive action, (3) driver inattention, (4) failure to keep a proper lookout, (5) failure to timely and properly apply his brakes, (6) failure to maintain a single lane, (7) failure to control his vehicle, (8) driving into oncoming traffic and/or (9) failing to properly configure the braking systems of his truck and the other trucks he was towing or transporting via saddle-mount.

12. Defendant Loraditch's conduct violated Texas Transportation Code Section 545.051(a), which requires that an operator on a roadway of sufficient width shall drive on the right half of the roadway. Defendant Loraditch failed to maintain his vehicle on the right half of the roadway and no exception to this rules is applicable. Defendant Loraditch is negligent per se for violating this statute.

13. Defendant Loraditch's negligence above was a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages.

## NEGLIGENCE CAUSE OF ACTION:
## DEFENDANT AUTO TRUCK TRANSPORT USA LLC

14. The occurrence causing the injury to Plaintiff was a result of the negligence of Defendant Auto Truck Transport USA LLC, its agents, servants, employees, officers, principals and vice-principals, including Defendant Loraditch, which negligent acts and/or omissions were committed by Defendant Auto Truck Transport USA LLC's agents, servants, employees, officers, principals and vice-principals, including Defendant Loraditch, while in the course and scope of their employment and/or agency with Defendant Auto Truck Transport USA LLC. Therefore, Defendant

Auto Truck Transport USA LLC is liable pursuant to the doctrine of respondeat superior.

15. Defendant Auto Truck Transport USA LLC was negligent in its: (1) hiring of Defendant Loraditch, (2) entrustment of the truck to Defendant Loraditch, (3) supervision of Defendant Loraditch, (4) retention of Defendant Loraditch, (5) qualification of Defendant Loraditch, (6) maintenance of the vehicle operated by Defendant Loraditch at the time of the incident, (7) failing to implement an adequate safety program for the prevention of collisions in violation of motor carrier fleet industry standards training and/or (8) failing to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

16. Defendant Auto Truck Transport USA LLC's negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages.

17. Defendant Auto Truck Transport USA LLC is vicariously liable for the negligence of Defendant Loraditch under the doctrine of *respondeat superior*.

**GROSS NEGLIGENCE CAUSE OF ACTION: DEFENDANT LORADITCH**

18. Defendant Loraditch's negligence, as described herein, was more than mere momentary thoughtlessness, error or inadvertence. Defendant Loraditch's failure to control his speed, faulty evasive action, driver inattention, failure to keep a proper lookout, failure to timely and properly apply his brakes, failure to maintain a single lane, failure to control his vehicle, driving into oncoming traffic and/or failing to properly configure the braking systems of his truck and the other trucks he was towing or transporting via saddlemount, when viewed objectively from the standpoint of Defendant Loraditch at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, including Plaintiff.

19. Defendant Loraditch had actual, subjective awareness of the risk involved in the failure to control his speed, faulty evasive action, driver inattention, failure to keep a proper lookout,

failure to timely and properly apply his brakes, failure to maintain a single lane, failure to control his vehicle, driving into oncoming traffic and failing to properly configure the braking systems of his truck and the other trucks he was towing or transporting via saddlemount, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiff.

20. This gross negligence was a proximate cause of Plaintiff's injuries and damages.

## GROSS NEGLIGENCE CAUSE OF ACTION: DEFENDANT AUTO TRUCK TRANSPORT USA LLC

21. Defendant Auto Truck Transport USA LLC's negligence, as described herein, and committed by Defendant Auto Truck Transport USA LLC's agents, servants, employees, officers, principals and vice-principals, including Defendant Loraditch, while in the course and scope of their employment and/or agency with Defendant Auto Truck Transport USA LLC, was more than mere momentary thoughtlessness, error or inadvertence.

22. Defendant Auto Truck Transport USA LLC's negligence in its hiring of Defendant Loraditch, entrustment of the truck to Defendant Loraditch, supervision of Defendant Loraditch, retention of Defendant Loraditch, qualification of Defendant Loraditch, maintenance of the vehicle operated by Defendant Loraditch at the time of the incident, failing to implement an adequate safety program for the prevention of collisions in violation of motor carrier fleet industry standards training and/or failing to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred, when viewed objectively from the standpoint of Defendant Auto Truck Transport USA LLC at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, including Plaintiff.

23. Defendant Auto Truck Transport USA LLC had actual, subjective awareness of the

risk involved in its hiring of Defendant Loraditch, entrustment of the truck to Defendant Loraditch, supervision of Defendant Loraditch, retention of Defendant Loraditch, qualification of Defendant Loraditch, maintenance of the vehicle operated by Defendant Loraditch at the time of the incident, failing to implement an adequate safety program for the prevention of collisions in violation of motor carrier fleet industry standards training and/or failing to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiff.

24. This gross negligence was a proximate cause of Plaintiff's injuries and damages.

## **DAMAGES**

25. Plaintiff suffered bodily injuries to his neck, back, hip, leg, ankle and general body as a proximate result of the Defendants' actions and/or inactions.

26. Plaintiff was caused to incur reasonable and necessary medical treatment and expenses in the past.

27. Plaintiff will, in reasonably probability, continue to incur medical expenses in the future.

28. Plaintiff suffered physical impairment in the past.

29. Plaintiff will, in reasonable probability, continue to suffer physical impairment in the future.

30. Plaintiff suffered physical pain and suffering in the past.

31. Plaintiff will, in reasonably probability, suffer physical pain and suffering in the future.

32. Plaintiff suffered mental anguish in the past.

33. Plaintiff will, in reasonably probability, suffer mental anguish in the future.

34. Plaintiff suffered physical disfigurement in the past.

35. Plaintiff will, in reasonably probability, suffer physical disfigurement in the future.

36. Plaintiff suffered a loss of earning capacity in the past.

37. Plaintiff will, in reasonable probability, suffer a loss of earning capacity in the future.

38. Plaintiff suffered damage to his property;

39. Plaintiff suffered a loss of use of his property;

40. Plaintiff would show that the above and foregoing elements of actual damages have a monetary value in excess of the $75,000.00 minimal jurisdictional limits of this Court, for which actual damages Plaintiff now sues.

## **EXEMPLARY DAMAGES**

41. Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

42. The above-referenced acts and/or omissions by Defendants constitute gross negligence. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

43. Defendants' acts or omissions described above, when viewed objectively from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

44. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

45. Therefore, for such gross negligence on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial

## REQUEST FOR A JURY TRIAL

46. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby requests a trial by jury.

## RELIEF REQUESTED

47. Plaintiff requests that Defendants be cited to appear and answer herein and that upon final determination of this cause of action, Plaintiff have and recover judgment against Defendants, jointly and severally, for all actual and punitive damages to which he may be entitled; that Plaintiff recover all pre-judgment and post-judgment interest as allowed by law; that Plaintiff recover all costs of Court; and Plaintiff requests for such other and further relief, both general and special, in law or in equity, to which Plaintiff may show himself justly entitled, including but not limited to:

   1. Pain and suffering in the past;
   2. Pain and suffering in the future;
   3. Mental anguish in the past;
   4. Mental anguish in the future;
   5. Medical expenses in the past;
   6. Medical expenses in the future;
   7. Physical impairment in the past;
   8. Physical impairment in the future;

9. Physical disfigurement in the past;

10. Physical disfigurement in the future;

11. Loss of earnings in the past;

12. Loss of earnings in the future;

13. Loss of earning capacity in the past;

14. Loss of earning capacity in the future;

15. Pre judgment interest;

16. Post judgment interest;

17. Exemplary damages;

18. Property damage; and

19. Loss of use.

Respectfully submitted,

**THOMAS J. HENRY LAW, P.L.L.C.**

*/s/ Louis S. Hakim*

_____

**LOUIS S. HAKIM**
State Bar No.  24012761
4401 West Gate Blvd.
Suite 200
Austin, TX  78745
Mail:  P.O. Box 696025
San Antonio, TX  78269
210-656-1000 (phone)
361-985-0601 (fax)
*email:  Lhakim-svc@tjhlaw.com
**ATTORNEY FOR PLAINTIFF**

* service by email to this address only

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                                                                 Page  9

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 17 day of January, 2024, I electronically filed the foregoing document with the clerk for the United States District Court for the Western District of Texas using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to all attorneys of record.

              */s/ Louis S. Hakim*
              _____
              **LOUIS S. HAKIM**